# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| **SOUTHPOINT BANK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| **FIBRETECH LLC, and** | ) |
| **RENDELL SCHMIDT,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff SouthPoint Bank ("SouthPoint"), for its complaint against Defendants FibReTech LLC ("FibReTech") and Rendell Schmidt ("Schmidt"), states as follows:

## PARTIES

1. SouthPoint is an Alabama banking corporation with its principal office located at 3501 Grandview Parkway, Birmingham, Alabama 35243.

2. FibReTech is a limited liability company organized under the laws of the State of Georgia with its principal office located at 6635 Canyon Cove, Cumming, Georgia 30028. Upon information and belief, Schmidt is the sole member of FibReTech and is a citizen of the State of Georgia. FibReTech may be served with

PD.44732200.1

process by serving a summons and a copy of this complaint upon its registered agent, Kurt Hilbert, 205 Norcross Street, Atlanta, Georgia 30075.

3. Schmidt is an individual citizen of the State of Georgia. Schmidt may be served with process by serving a summons and copy of this complaint on him at 6635 Canyon Cove, Cumming, Georgia 30028.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332 because complete diversity of citizenship exists between Plaintiff and all Defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Schmidt is a resident of Forsyth County, Georgia.

## FACTUAL ALLEGATIONS

6. On October 28, 2022, SouthPoint made a loan to FibReTech in the original principal amount of $357,930.12 ("Loan 1") pursuant to a business loan agreement ("Loan Agreement 1").

7. Loan 1 is evidenced by a promissory note executed by FibReTech in favor of SouthPoint ("Note 1").

8. On October 28, 2022, Schmidt executed a commercial guaranty agreement ("Guaranty Agreement 1") pursuant to which he "absolutely and

unconditionally guarantee[d] full and punctual payment and satisfaction of the Indebtedness of [FibReTech] to [SouthPoint], and the performance and discharge of all [FibReTech]'s obligations under [] Note [1] and the Related Documents."

9. On February 29, 2023, SouthPoint made a loan to FibReTech in the original principal amount of $258,258.53 ("Loan 2") pursuant to a business loan agreement ("Loan Agreement 2"). Loan Agreement 1 and Loan Agreement 2 are referred to herein collectively as the "Loan Agreements."

10. Loan 2 is evidenced by a promissory note executed by FibReTech in favor of SouthPoint ("Note 2"). Note 1 and Note 2 are referred to herein collectively as the "Notes."

11. On February 29, 2023, Schmidt executed a commercial guaranty agreement ("Guaranty Agreement 2") pursuant to which he "absolutely and unconditionally guarantee[d] full and punctual payment and satisfaction of the Indebtedness of [FibReTech] to [SouthPoint], and the performance and discharge of all [FibReTech]'s obligations under [] Note [2] and the Related Documents." Guaranty Agreement 1 and Guaranty Agreement 2 are referred to herein collectively as the "Guaranty Agreements."

12. FibReTech is in breach of the Notes and Loan Agreements for failing to make payments when due under the Notes.

13. Pursuant to the terms of the Notes and Loan Agreements, SouthPoint has declared the entire unpaid principal balance of the indebtedness evidenced by the Notes, with accrued interest, to be immediately due and payable.

14. FibReTech agreed to pay all costs of collection, including a reasonable attorneys' fee, in the event of default in the payment of any of the obligations evidenced by the Notes.

15. Pursuant to the Guaranty Agreements, Schmidt agreed "to pay on demand all of [SouthPoint]'s legal expenses incurred in connection with the enforcement of this Guaranty."

16. Schmidt is in breach of the Guaranty Agreements for failure to repay the indebtedness evidenced by the Notes.

17. As of March 15, 2024, the total amount due under the Note 1 is $305,615.72, exclusive of attorneys' fees and costs of collection. Interest is accruing at the rate of $43.277021944 per day.

18. As March 15, 2024, the total amount due under the Note 2 is $280,805.65, exclusive of attorneys' fees and costs of collection. Interest is accruing at the rate of $60.394374722 per day.

COUNT ONE
BREACH OF EQUIPMENT NOTE 1 AND LOAN AGREEENT 1

19. FibReTech is in breach of Note 1 and Loan Agreement 1 for failure to make payments when due.

Wherefore, SouthPoint demands judgment against FibReTech in the amount of $305,615.72, plus interest, reasonable attorneys' fees, expenses, and costs.

## COUNT TWO
## BREACH OF NOTE 2 AND LOAN AGREEMENT 2

20. FibReTech is in breach of Note 2 and Loan Agreement 2 for failure to make payments when due.

Wherefore, SouthPoint demands judgment against FibReTech in the amount of $280,805.65, plus interest, reasonable attorneys' fees, expenses, and costs.

## COUNT THREE
## BREACH OF GUARANTY AGREEMENTS

21. Schmidt is in breach of the Guaranty Agreements for failure to pay all indebtedness owed by FibReTech to SouthPoint pursuant to the Notes and Loan Agreements.

Wherefore, SouthPoint demands judgment against FibReTech in the amount of $586,421.37, plus interest, reasonable attorneys' fees, expenses, and costs.

Respectfully submitted this 15th day of March, 2024.

/s/ Kenneth W. Boyles, Jr.
Kenneth W. Boyles, Jr.
Georgia Bar No.: 183309
PHELPS DUNBAR LLP
2001 Park Place North, Suite 700
Birmingham, Alabama 35203
(205) 716-5200
kenneth.boyles@phelps.com

*Attorney for Plaintiff SouthPoint Bank*

PD.44732200.1

Defendants will be served by private process server as follows:

FibReTech LLC
c/o Kurt Hilbert, Registered Agent
205 Norcross Street
Atlanta, Georgia 30075

Rendell Schmidt
6635 Canyon Cove
Cumming, Georgia 30028